No. 24,164.

E. B. Neiswender, *Appellee*, v. William F. Bolen, *Appellant*.

SYLLABUS BY THE COURT.

Contract—*Sale of Corn—Breach by Purchaser—Measure of Damages.* Where
defendant contracted to purchase a certain quantity of grain of a certain
grade at a specified price, time and place, and the grain was tendered
to him according to the specifications of the contract, and the tender was
refused by him, *held,* he was liable for the difference between the contract
price and the market price on the day of the tender.

Appeal from Shawnee district court, division No. 1; James A. McClure,
judge. Opinion filed April 7, 1923. Affirmed.

*James A. Troutman,* of Topeka, for the appellant.

*Robert Stone, George T. McDermott,* and *Robert L. Webb,* all of Topeka,
for the appellee.

The opinion of the court was delivered by

Hopkins, J.: On August 17, 1920, plaintiff and defendant entered
into a contract whereby plaintiff was to sell and deliver to defendant
1,000 bushels of corn, No. 3 or better, at $1.20 per bushel, on track
at Tecumseh or Topeka, to be shipped on or before December 31
following. Thereafter it was orally agreed that the corn should be
delivered at Tecumseh. On December 30 following, the plaintiff
tendered 1,000 bushels of corn to the defendant on track at Tecum-
seh, which the defendant refused to accept.

In a trial to the court the plaintiff recovered judgment for $660,
that amount being the difference between the market price of the
corn on that day and the price agreed upon between the parties.
Defendant appeals. His contention was that the corn tendered at
Tecumseh was not grown on plaintiff's land, and that the corn which
he contracted to purchase was that growing on plaintiff's farm when
he made the contract.

Written confirmation of the sale, signed by the defendant, dis-
closes no stipulation that the corn purchased by defendant was
growing on plaintiff's farm, or that plaintiff should deliver corn
growing upon his farm. Testimony that the corn purchased by
defendant was growing or was to be grown on plaintiff's farm
would have varied the written contract, and therefore was not

admissible, and, if admitted, was properly not considered by the court.

In the case of *Hopkins v. Woldert Grocery Co.* [Tex.] 66 S. W. 63, it was held that where the defendant agreed in writing to deliver a certain quantity of pecans at a specified place, time and price, parol evidence that such pecans were to be grown in certain territory would add to the contract and was therefore inadmissible.

The evidence in this case abundantly supports the judgment. No reversible error being shown, the judgment is affirmed.